UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

CISERO MURPHY,

        Plaintiff,

  -against-

THE STATE OF NEW YORK; BRION D.
TRAVIS, Chairman, New York State Division
of Parole; A.L.J. RICHARD BIRMINGHAM;
P.R.S.–MARIA BURGESS; P.O. CLARANCE;
and P.O. JOHN PELLE,

        Defendants.

---------------------------------------------------------X

**MEMORANDUM
AND ORDER**
06-CV-3356 (JG)

JOHN GLEESON, United States District Judge:

    Plaintiff Cisero Murphy, a prisoner incarcerated at Greene Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights in connection with parole revocation hearings. Plaintiff seeks injunctive and monetary relief. Plaintiff has paid the statutory fee to proceed with the action. I dismiss the complaint for the reasons set forth below.

## BACKGROUND

    Plaintiff filed a prior § 1983 action in 2004 against the same named defendants as in the instant complaint, alleging that they violated his Due Process and Equal Protection rights during the course of parole revocation hearings. See Murphy v. The State of New York, et al., No 04-CV-1675 (JG) (E.D.N.Y. 2004). In his complaint, plaintiff alleged that he was wrongfully arrested for a parole violation on February 7, 2001 and subjected to constitutionally deficient parole revocation hearings. See id., slip op. at 2 (E.D.N.Y. Apr. 30, 2004). Plaintiff alleged that

at his December 17, 2002 final parole revocation hearing, he was coerced into accepting a guilty plea. See id. At the time of the filing of the complaint, however, plaintiff was released to parole supervision. See id. By order dated April 30, 2004, I dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), holding that to the extent that he challenged the outcome of his parole revocation hearings, his claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994). Id., slip op. at 3 (E.D.N.Y. Apr. 30, 2004). I noted that plaintiff failed to establish that his final parole revocation decision had been invalidated and, therefore, he could not prevail in his claims against defendants. Id. (citing Davis v. Cotov, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (§ 1983 claim can only proceed if plaintiff has succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding)).

On January 4, 2006, plaintiff was returned from parole supervision to the custody of the New York State Department of Correctional Services, and he is currently incarcerated at Greene Correctional Facility.[1] Plaintiff filed the instant complaint on July 7, 2006. This complaint does not challenge the decisions whereby he was returned to custody on January 4, 2006; it is virtually identical to plaintiff's prior action, once again challenging his February 7, 2001 arrest and the outcome of his subsequent parole revocation hearings. Murphy restates the same nine causes of action asserted in his prior complaint and adds three additional causes of action concerning alleged constitutional violations related to his parole revocation hearings. Among the three new causes of action, only one claim is truly distinct from those contained in his prior complaint—that he was denied Due Process by the Appeals Unit when he appealed the

---

[1] See New York State Department of Correctional Services' Inmate Information database at http://nysdocslookup.docs.state.ny.us.

2

December 17, 2002 final parole revocation decision and was improperly denied a "Reconstruction Hearing." See Compl., Tenth Cause of Action.

In addition, Murphy attaches an order of the Appellate Division, First Department, ruling on an appeal of a 2003 decision of the Supreme Court, Bronx County, denying a petition for a writ of habeas corpus filed by plaintiff. See Murphy v. Warden, Adolescent Reception & Detention Ctr., 17 A.D.3d 236 (1st Dep't 2005). The order states that prior to the December 17, 2002 hearing, Murphy filed a petition for a writ of habeas corpus in New York State Supreme Court, Bronx County, alleging that the scheduled hearing was untimely and beyond the prescribed time limitation for holding a hearing pursuant to Executive Law § 259-i and NYCRR § 8005.17[a]. Id. at 237. The New York State Supreme Court denied Murphy's petition, but on April 21, 2005, the Appellate Division reversed, holding that the hearing was indeed untimely. Id. at 238. The Appellate Division's decision was solely restricted to the timeliness of the hearing and did not address whether petitioner was unduly prejudiced by the delay or whether the decision to revoke plaintiff's parole should be invalidated.

## DISCUSSION

### A. Standard of Review

"Notwithstanding any filing fee ... that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Furthermore, under 28 U.S.C. § 1915A, I have the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As Murphy is proceeding *pro se*, I am obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, I must interpret Murphy's pleadings as raising the strongest arguments they suggest. Id.

B.  Murphy's Complaint is Barred by Heck

As with his prior complaint, Murphy's instant complaint is barred by Heck. Although the Appellate Division ruled that plaintiff's December 17, 2002 final revocation hearing was untimely, the decision to revoke his parole was not invalidated. Indeed, delays in the scheduling of parole revocation hearings do not render the hearings themselves violative of due process. See Swiggett v. Duncan, No. 01 Civ. 11883 (GBD)(MHD), 2004 WL 2912911, at *2 (S.D.N.Y. Dec. 14, 2004) (time limitation to schedule parole revocation hearing is only a state law procedural requirement that does not amount to a due process violation; "a deviation form the New York state timing requirement would not violate the Constitution") (citing Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003)). As plaintiff's final parole revocation decision has not been invalidated, his claims are barred by Heck for the reasons articulated in my prior order.

Similarly, plaintiff's new claim that his appeal of the December 17, 2002 parole revocation decision to the Appeals Unit was rife with constitutional errors, including the alleged failure of the Appeals Unit to conduct a "Reconstruction Hearing," see Compl., Tenth Cause of Action, is barred by Heck. To grant Murphy relief with regard to this claim would imply the invalidity of the parole revocation, but here his final parole revocation decision has not been overturned. See Dallas v. Goldberg, 143 F. Supp. 2d 312, 322 (S.D.N.Y. 2001) (plaintiff's claim

4

dismissed where he failed to establish that he pursued a collateral attack on the final parole revocation decision).

## CONCLUSION

Accordingly, Murphy's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and his application for appointment of counsel is denied. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/John Gleeson

JOHN GLEESON, U.S.D.J.

Dated: August 3, 2006
Brooklyn, New York